IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| SEAH STEEL CORPORATION, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> *Defendant*, ) <br> ) <br> and ) <br> ) <br> UNITED STATES STEEL CORPORATION, *et al.*, ) <br> ) <br> *Defendant-Intervenors*. ) <br> ) | Court No. 20-00150 |

### DOMESTIC INTERESTED PARTIES' JOINT RESPONSE TO THE COURT'S MAY 13TH LETTER REQUESTING COMMENTS ON A STAY OF THIS ACTION

United States Steel Corporation ("U. S. Steel"), Maverick Tube Corporation, IPSCO Tubulars Inc., Tenaris Bay City, Inc., and Vallourec Star, L.P. (together collectively, "Domestic Interested Parties") support the entry of a stay in this action, pending a final decision in U. S. Steel's and SeAH Steel Corporation's consolidated appeals of *NEXTEEL Co. v. United States*, 475 F. Supp. 3d 1378 (Ct. Int'l Trade 2020), *appeal docketed*, Consolidated Ct. No. 2021-1334 (Fed. Cir. Dec. 21, 2020) (SeAH's appeal, No. 2021-1430, was consolidated under U. S. Steel's appeal, No. 2021-1334).  These comments are timely submitted in accordance with the Court's Letter dated May 13, 2021, ECF Doc. No. 60.  The resolution by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") of the aforementioned appeal will likely have an impact on this case, given the substantial overlap in issues raised, including: (1) the law governing Commerce's finding of a particular market situation ("PMS"), (2) Commerce's application of a freight revenue cap; and (3) Commerce's differential pricing analysis.  All three of these issues were raised in the opening brief filed by SeAH Steel Corporation ("SeAH") in this action; *see* "Motion of Plaintiff SeAH Steel

Corporation for Judgment on the Agency Record," ECF Doc. No. 43 (Dec. 14, 2020) ("SeAH CIT No. 20-150 Opening Br.") at Argument Sections A, C, and F; and have likewise been raised before the Federal Circuit in the *NEXTEEL* appeal, *see, e.g.*, "Corrected Principal Brief of United States Steel Corporation, CAFC Ct. No. 2021-1334, ECF No. 16-1 (Mar. 9, 2021) ("U. S. Steel Appellate Br.") at 21-52 (concerning Commerce's PMS finding); "Nonconfidential Principal and Response Brief of Cross-Appellant SeAH Steel Corporation and Supplemental Appendix," CAFC Ct. No. 2021-1334, ECF No. 25 (May 11, 2021) ("SeAH Appellate Br.") at III.A–III.B (concerning the remaining two issues). This overlap of issues justifies a stay.

Recognizing that decisions concerning when and how to stay a case rest "within the sound discretion of the trial court," *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997), Domestic Interested Parties submit that the substantial overlap in "parties and issues" identified above demonstrates that the "interests of judicial economy and efficiency" favor the entry of a stay in this action, *see Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *Giorgio Foods, Inc. v. United States and U.S. Int'l Trade Comm'n*, Ct. No. 03-286, Slip Op. 13-14, 2013 Ct. Intl. Trade LEXIS 18 at *6 (Ct. Int'l Trade Jan. 30, 2013). Previously, the U.S. Court of International Trade ("CIT") has stayed its proceedings pending the outcome of related proceedings at the Federal Circuit in several actions. *See, e.g.*, *SKF USA Inc. v. United States*, Ct. No. 10-284, 2012 WL 1999685 (Ct. Int'l Trade June 4, 2012); *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 3d 1330, 1333 (Ct. Int'l Trade 2013) (collecting cases).

The issue of whether a PMS existed in Korea was examined by this court in Slip Ops. 19-73, 20-69, and 20-145, which form the basis of Consolidated Ct. No. 2021-1334 currently pending at the Federal Circuit. This Court reached certain conclusions concerning the law governing Commerce's PMS determination which U. S. Steel has appealed, *e.g.*, whether

Commerce must establish "particularity" with respect to each distortion or with respect to the "market situation" as a whole, *compare, e.g.*, *NEXTEEL Co., Ltd. v. United States*, 450 F. Supp. 3d 1333, 1341 (Ct. Int'l Trade 2020) ("court finds that the record evidence does not support a conclusion that the global glut of Chinese HRC imports caused price distortions specific to the Korean steel market.") ("*NEXTEEL AR2 II*"), *with* U. S. Steel Appellate Br. at 43-45 (arguing that the "market situation" needs to be "particular"); whether Commerce's "totality of the circumstances" test may be cumulative, or whether individual factors must themselves constitute a PMS, *compare, e.g.*, *NEXTEEL AR2 II*, 450 F. Supp. 3d at 1341 ("Commerce's conclusion that excess capacity of Chinese HRC imports demonstrates a particular market situation in Korea is not supported by substantial evidence."), *with* U. S. Steel Appellate Br. at 47-48 (arguing that each factor in a multi-factor PMS need not individually suffice to constitute a PMS), and whether distortion must be quantifiable in order to exist as a qualitative matter; *compare, e.g.*, *NEXTEEL AR2 II*, 450 F. Supp. 3d at 1342 ("based on insufficient record evidence, Commerce was 'unable to quantify the effect of [distortions in] the electricity market on the particular market situation,'…"), *with* U. S. Steel Appellate Br. at 49-50 (arguing that qualitative distortion may exist even absent quantification). These legal issues are fundamental to the Court's analysis of a PMS finding. *See, e.g.*, "United States Steel Corporation's Response to Rule 56.2 Motion for Judgment on the Agency Record," ECF Doc. No. 50 (Feb. 26, 2021) ("U. S. Steel CIT No. 20-150 Opening Br.") at 13, 28-29.

Separately, while Domestic Interested Parties strongly disagree with SeAH's erroneous characterization of the administrative record at issue in this action and furthermore aver that SeAH's perfunctory juxtaposition of this record and those of prior reviews effected a waiver of such arguments, *see* U. S. Steel CIT No. 20-150 Opening Br. at 11-12, were this Court to countenance SeAH's bare assertion that Commerce's PMS finding in the fourth

3

administrative review "was largely based on the same evidence and same logic as its finding in the first and second OCTG reviews," SeAH CIT No. 20-150 Opening Br. at 6, then the Federal Circuit's review of this Court's conclusions with respect to the sufficiency of the record evidence in the second administrative review may additionally impact this Court's understanding of this record, *see., e.g.*, U. S. Steel Appellate Br. at 25-42 (arguing that Commerce's PMS finding was supported by substantial evidence).  Stated differently, insofar as SeAH has contended that earlier administrative review decisions that this Court has found unsubstantiated with record evidence inform the substantiality of evidence on this administrative record, a Federal Circuit decision upholding Commerce's prior determination would weigh heavily in the Court's disposition of the final results of the fourth administrative review.

Turning to the remaining overlapping issues, SeAH has challenged this Court's rejection of its differential pricing arguments in CAFC Consolidated Ct. No. 2021-1334, *see* SeAH Appellate Br. at 59-73, and has all but admitted that its arguments with respect to this issue are identical in the instant action, *see* SeAH CIT No. 20-150 Opening Br. at 5 ("We recognize that the Court's decisions in *NEXTEEL1* and *NEXTEEL2* upheld Commerce's use of the 'Differential Pricing Analysis.' . . . We therefore request that the Court reconsider and reverse its prior decisions on this issue.").  SeAH has likewise reasserted its position that Commerce cannot cap its freight revenue adjustment before the Federal Circuit, *see* SeAH Appellate Br. at 74-77, and again SeAH's opening brief in this action "recognize{s} that this Court has previously held that Commerce is permitted to {do so} in order to achieve an 'apples-to-apples' comparison" but requests that "the Court's prior decisions should be reconsidered," SeAH CIT No. 20-150 Opening Br. at 21.  SeAH is thus openly seeking to revisit previously trodden ground, and the Federal Circuit's determination with respect to these two issues is very likely to inform the Court's disposition in this action.

4

Domestic Interested Parties submit that the most efficient, least burdensome course of action, given the overlapping parties and issues described above, is to stay this proceeding pending the Federal Circuit's final decision in the appeal of *NEXTEEL Co. v. United States*, CAFC Consolidated Ct. No. 2021-1334. This Court has previously observed that "a case may properly be stayed pending the outcome of another case…even where the 'lead' case may not be potentially dispositive of the case sought to be stayed – *i.e.*, even where the 'lead' case may, at most, streamline the issues in the case sought to be stayed." *An Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1168 n.9 (Ct. Int'l Trade 2004). Such is certainly the situation presented here, where further analysis and clarity on PMS issues is anticipated. And, in the event that the Federal Circuit affirms this Court's treatment of the differential pricing and freight revenue cap issues which SeAH has again pressed in this action, the Federal Circuit's determination may be dispositive.

Finally, insofar as a stay would preserve the *status quo* pending a final decision in *NEXTEEL*, no party to this action would be prejudiced. To the contrary, a stay would preserve the resources of the parties and this Court by permitting the conclusion of an appellate process that is likely to narrow the scope of debate in this action, at least with respect to the three issues identified above.

For the foregoing reasons, Domestic Interested Parties respectfully request that this Court stay this action, pending a final decision in the appeal of *NEXTEEL Co. v. United States*, CAFC Consolidated Ct. No. 2021-1334.

Court No. 20-00150

Respectfully submitted,

/s/ Roger B. Schagrin

Roger B. Schagrin
Elizabeth J. Drake
Luke A. Meisner

**SCHAGRIN ASSOCIATES**
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001
(202) 223-1700

*Counsel to Vallourec Star, L.P.*

/s/ Gregory J. Spak

Gregory J. Spak
Frank J. Schweitzer
Kristina Zissis
Matthew W. Solomon

**WHITE & CASE LLP**
701 Thirteenth Street, N.W.
Washington, D.C. 20005
(202) 626-3500

*Counsel to Maverick Tube Corporation,
IPSCO Tubulars Inc.,
and Tenaris Bay City, Inc.*

/s/ Thomas M. Beline

Thomas M. Beline
Myles S. Getlan
James E. Ransdell
Nicole Brunda

**CASSIDY LEVY KENT (USA) LLP**
900 Nineteenth Street, N.W.
Suite 400
Washington, D.C. 20006
(202) 567-2300

*Counsel to United States Steel Corporation*

Dated: May 17, 2021

6

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the forgoing submission of "Domestic Interested Parties' Response to the Court's May 13th Letter Requesting Comments on a Stay of this Action," filed on May 17, 2021, is limited to five pages in length, excluding signature blocks, as stipulated by the Court's May 13, 2021, letter to counsel.

BY: /s/ Thomas M. Beline
     Thomas M. Beline