UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| SeAH STEEL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION, IPSCO TUBULARS INC., MAVERICK TUBE CORPORATION, TENARIS BAY CITY, INC., AND VALLOUREC STAR L.P. <br><br> Defendant-Intervenors. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Court No. 20-00150 |

PLAINTIFF SeAH STEEL CORPORATION'S
RESPONSE TO THE COURT'S MAY 13 LETTER

Plaintiff SeAH Steel Corporation respectfully submits this response to the Court's May 13, 2021, letter allowing the parties to comment on the possible stay of this appeal. We defer, of course, to the Court's judgment on scheduling matters, which necessarily involve consideration of the Court's workload and availability that are outside the scope of our knowledge. We note, however, that we do not believe that the usual requirements for staying an appeal have been satisfied in this case and that, as a legal matter, a stay is not appropriate in this case.

The Court's May 13 letter stated that the Court is considering staying this action pending a final decision by the Court of Appeals for the Federal Circuit in the appeal of the

second administrative review of *Oil Country Tubular Goods from Korea*.[1] We understand that Defendant and Defendant-Intervenors support such a stay, and that Defendant has filed a motion in the separate appeal of the third OCTG review seeking a stay of that proceeding pending the CAFC's decision.

As noted in our response to the Defendant's motion in the third OCTG review, the Court ordinarily will stay an appeal only if there is "a strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed."[2] Furthermore, "in reviewing a motion to stay proceedings, {the Court's} 'paramount obligation' is to exercise jurisdiction timely in the case before it."[3] In evaluating a party's motion to stay pending appeal, the Court will consider:

> (1) whether the stay applicant has made a strong showing that {the applicant} is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[4]

In our view, those requirements are not satisfied either in the third OCTG review or in the fourth review that is the subject of this appeal.

---

[1] *NEXTEEL Co. v. United States,* 475 F. Supp. 3d 1378 (Ct. Int'l Trade 2020) appeal docketed, No. 2021-1334 (Fed. Cir. Dec. 21, 2020).

[2] *Georgetown Steel Co. v. United States*, 27 CIT 550, 553 (2003).

[3] *Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (Ct. Int'l Trade 1998) (quoting *Cherokee Nation of Okla v. United States*, 124 F. 3d 1413, 1416 (Fed. Cir. 1997)).

[4] *Georgetown Steel*, 27 CIT at 552-53 (quoting *Save Domestic Oil, Inc. v. United States,* 122 F. Supp. 2d 1375, 1380 (2000), *appeal dismissed,* 18 Fed. Appx. 819, 2001 WL 929726 (Fed. Cir. 2001), quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), and citing *Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed. Cir. 1990)) (alteration added).

First, there has been no showing that the Court's decision in the second OCTG review is likely to be overturned by the CAFC. We note that, in the second OCTG review, we have appealed certain issues to the CAFC, while Defendant-Intervenor U.S. Steel has appealed other issues. Defendant has not appealed any issues. We certainly do not believe that U.S. Steel's arguments (which accuse this Court of blindly applying its decision from the appeal of the first OCTG review to the appeal of the second review) have any merit. And, while we have great confidence in our own arguments on the issues we have appealed, we are equally sure that neither Defendant-Intervenors, Defendant, or this Court (which has already considered and rejected our arguments) would say that we have a high likelihood of success before the CAFC. In the end, the likelihood that the CAFC appeal will overturn this Court's decision on any of the issues before it is speculative at best.

Second, there is no showing that any party would be "irreparably injured" in the absence of a stay.[5] If the Court were to decide the issues in this appeal in the same manner as it has decided the appeals of the previous reviews, the only consequence would be that Commerce would have to prepare a remand redetermination. Given Commerce's extensive familiarity with that process, it is difficult to see how preparing a remand redetermination might possibly constitute irreparable injury.

Of course, if this case remained pending at the time the CAFC issued its decision in the appeal of the second OCTG review, the parties would be entitled to notify the Court of the CAFC's decision. However, as Defendant itself has argued in opposing a motion to stay, stopping ongoing proceedings before this Court is inappropriate "because of the

---

[5] *See Georgetown Steel*, 27 CIT at 552-53.

annual nature of Commerce's administrative reviews, litigation routinely proceeds in this Court despite ongoing proceedings in related cases."[6]

Finally, there is far more than a "fair possibility" that a stay would substantially injure Plaintiff,[7] because delay would deprive Plaintiff of its right to "just, *speedy* and inexpensive determination of every action and proceeding."[8]  In this regard, this Court has held that "the utility of such a stay lessens when requested after briefing on the merits has commenced" and that a stay would be "unfair" to a Plaintiff after it has already expended resources preparing its motion for judgment on the agency record.[9]  In addition, the public interest will not be served by delaying these proceedings.  Plaintiff and the public have an interest in a speedy disposition of litigation when the facts and issues are ripe and ready for judicial review (and indeed, in this case, already have been fully briefed for the Court).

                                              Respectfully submitted,

                                              /s/Jeffrey M. Winton
                                              Jeffrey M. Winton
                                              Michael J. Chapman
                                              Amrietha Nellan
                                              Vi N. Mai

                                              WINTON & CHAPMAN PLLC
                                              1900 L Street, N.W., Suite 611
                                              Washington, D.C.  20036
                                              (202) 774-5500

                                              Attorneys for SeAH Steel Corporation

May 17, 2021

---

[6] *See* Gov't Jiaxing Brother Opp. at 4-5.

[7] *See Giorgio Foods*, 37 CIT at 154.

[8] *See* USCIT R.1 (emphasis added).

[9] *Novolipetsk Steel Pub. Joint Stock Co. v. United States*, 474 F. Supp. 3d 1354, 1358 (Ct. Int'l Trade 2020).