UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| SEAH STEEL CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>    and<br><br>UNITED STATES STEEL CORPORATION, IPSCO TUBULARS INC., MAVERICK TUBE CORPORATION, TENARIS BAY CITY, INC., AND VALLOUREC STAR L.P.<br><br>    Defendant-Intervenors. | Court No. 20-00150 |

ORDER

Upon consideration of Defendant's Motion for an extension of the deadline for Commerce to file its remand determination in the above-referenced appeal and upon all other papers and proceedings herein, it is hereby

ORDERED that Defendant's Motion is denied.

Signed: _____
               Jennifer Choe-Groves, Judge

Dated: _____
      New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| SeAH STEEL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> UNITED STATES STEEL CORPORATION, IPSCO TUBULARS INC., MAVERICK TUBE CORPORATION, TENARIS BAY CITY, INC., AND VALLOUREC STAR L.P. <br><br> Defendant-Intervenors. | Court No. 20-00150 |

RESPONSE OF PLAINTIFF SeAH STEEL CORPORATION
TO DEFENDANT'S MOTION FOR EXTENSION OF
THE DEADLINE FOR FILING ITS REMAND DETERMINATION

The Court issued its decision in the above-referenced appeal on October 19, 2021. In that decision, the Court remanded this case to Commerce to explain or reconsider two aspects of its final determination in the fourth administrative review of the antidumping order on *Oil Country Tubular Goods from Korea*: (1) Commerce's use of the Cohen's d test in its differential pricing analysis; and (2) its particular market situation determination. The Court established a deadline of 59 days for Commerce to complete that reconsideration. On November 24, the day before Thanksgiving, and after 36 of the 59 days allotted for the remand had passed, Defendant moved this court for an extraordinary

130-day extension of the deadline, until April 22 of next year, for its remand determination. If the Court were to grant the requested extension, Commerce's remand determination would be due 189 days after the Court issued its October 19 decision.

Defendant has not provided any justification for such a lengthy extension in this case. To the contrary, its sole justification for the extension is its assertion that Commerce's reconsideration of the Cohen's d test in this case should be delayed until after Commerce completes its reconsideration of the same issue in the remand of *Stupp Corp. v. United States*, 5 F.4th 1341 (Fed. Cir. 2021). But there is no actual reason why Commerce cannot address that issue in this appeal before the *Stupp* remand is completed.

To begin with, the decision in *Stupp* was issued by the Federal Circuit more than *four* months ago (on July 15 of this year). Commerce has had ample time to decide how it should address the methodological issue raised by the Federal Circuit's decision. Yet, it now asks this Court to extend the deadline for its remand determination until 285 days after the *Stupp* decision was issued. We fail to see why SeAH should be penalized because Commerce has chosen to procrastinate.

Furthermore, the Federal Circuit's decision in *Stupp* did not involve unique facts of the case before it. Instead, the *Stupp* decision was based on a basic inconsistency created by Commerce's insistence that its Cohen's d test simply reflected application of a widely-adopted statistical practice, when Commerce failed to limit its use of that test to situations in which widely-adopted statistical practice says it may be applied. As indicated in the Court's October 19 decision, the same issue exists in this appeal. There is simply no logical reason that Commerce cannot address that issue in a timely manner in this appeal before it addresses the issue in the *Stupp* remand. Commerce could apply whatever

methodology it adopts in the remand in this appeal to *Stupp* just as easily as it can apply whatever methodology it might adopt in *Stupp* to this appeal.

It should also be noted that this appeal stands in a very different procedural setting than *Stupp*. *Stupp* arose from an appeal of a determination *in an investigation* that was concluded six years ago (on December 1, 2015)*,* and it does not involve the determination of antidumping duties for any specific review period. SeAH consented to the lengthy extension requested by Commerce in *Stupp* simply because it did not believe there was any urgency to having an immediate decision in *Stupp*. In this appeal, however, SeAH stands to receive a substantial refund of cash deposits, and does not believe it should be asked to wait six more months for a decision on an issue that Commerce should have been working on since July.

Finally, it should be noted that the issue raised by the *Stupp* decision is, in the end, likely to be irrelevant to Commerce's remand determination in this appeal. According to our calculations, SeAH's dumping margins during the period covered by this appeal would have been *de minimis* if Commerce had calculated those margins without making an unlawful adjustment for an alleged particular market situation ("PMS"), even if Commerce continued to use the unfavorable average-to-transaction comparison methodology based on its misuse of the Cohen's d test. Consequently, it should not matter in the end whether Commerce continues to use the Cohen's d test in this case or not, as long as Commerce properly calculates constructed value for SeAH without a PMS adjustment.

In such circumstances, we believe that the interests of justice would best be served by requiring Commerce to file its remand determination addressing the PMS issue as quickly as possible, without inordinate delay. Because Defendant has failed to demonstrate that

Commerce requires 285 days from the date of the *Stupp* decision to figure out whether and how it should adjust its methodologies in response to that decision, Defendant's request for an extraordinarily-lengthy extension should be denied. While we might be amenable to a more reasonable extension, we do not believe it is incumbent on us to propose one, especially when Commerce's alleged inability to comply with the current deadline is due solely to its failure to address the Federal Circuit's decision in a timely manner.

                                  Respectfully submitted,

                                  /s/Jeffrey M. Winton
                                  Jeffrey M. Winton

                                  WINTON & CHAPMAN PLLC
                                  1900 L Street, N.W., Suite 611
                                  Washington, D.C.  20036
                                  (202) 774-5500

                                  Attorneys for SeAH Steel Corporation

December 2, 2021